FILED

FEB 2 6 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N F O R M A T I O N |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. **1 :26 CR 0 0 0 9 4** |
| | ) | Title 18, United States Code, |
| MELINDA WILLIAMS, | ) | Section 1029(a)(2) and |
| | ) | (c)(1)(A)(i) |
| Defendant. | ) | |

**JUDGE OLIVER**

GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise specified:

Defendant

1.     Defendant MELINDA WILLIAMS resided in the Northern District of Ohio, Eastern Division.  Defendant, under her previous name, Melinda Tylek, was convicted of mail fraud and money laundering in Case No. 1:06-CR-494, for embezzling more than $1.5 million from one of her previous employers.

Defendant's Scheme to Steal and Embezzle Funds from Club 1

2.     Defendant was employed by Club 1 as its Accounting Manager in the Northern District of Ohio, Eastern Division, from on or about September 22, 2021, until on or about January 15, 2022, having concealed her prior identity and embezzlement conviction from Club 1, and having misrepresented herself as a licensed Certified Public Accountant, in obtaining and maintaining her employment.

3.     Club 1 maintained an account at Bank 1 to issue payments to Club 1's members and vendors (the "Member/Vendor Payment Account").

4. Due to the position of trust Defendant occupied at Club 1, Defendant was entrusted with the authority to approve and send vendor payments using Bank 1's ACH payment system. To send an ACH transfer, Defendant was provided a username and password for Club 1's Member/Vendor Payment Account.

5. Upon obtaining access to Club 1's Member/Vendor Payment Account, Defendant sent unauthorized ACH payments for Defendant's own benefit. Specifically, Defendant sent transfers from Club 1's Member/Vendor Payment Account to Defendant's personal mortgage account and to her cell phone service provider.

6. In addition, Defendant modified vendors' banking information in Club 1's vendor system to divert Club 1's funds to Defendant's own personal bank account. Specifically, Defendant substituted her personal bank account information for vendors' banking information and then sent unauthorized transfers from Club 1's Member/Vendor Payment Account to Defendant's own personal bank account.

7. In total, Defendant diverted $9,653.47 from Club 1's Member/Vendor Payment Account to her personal bank account, her personal mortgage account, and her cell phone service provider.

8. Club 1 also maintained a corporate credit card at Bank 1, issued to the Service Manager of Club 1 (the "SM Credit Card"). The Service Manager maintained control of the SM Credit Card, though a photocopy of the credit card was maintained by Club 1.

9. Defendant was not authorized to use the SM Credit Card, yet Defendant used the SM Credit Card for personal expenditures.

10. In total, Defendant amassed $5,632.84 in unauthorized transactions using the SM Credit Card.

2

<u>Defendant's Scheme to Steal and Embezzle Funds from Company 1</u>

11.     Company 1 owns Subsidiary 1 and Subsidiary 2, both of which operate in the Northern District of Ohio, Eastern Division.

12.     Defendant was employed as the Controller for Subsidiary 1 and Subsidiary 2, from on or about March 27, 2022, until on or about July 14, 2022, having concealed her prior identity and embezzlement conviction from Company 1 and its subsidiaries in obtaining and maintaining her employment.

13.     Subsidiary 1 maintained an account at Bank 2 to issue payments to its vendors, and Subsidiary 2 maintained a similar account at Bank 2 to issue payments to its vendors (the "Subsidiaries' Payment Accounts").

14.     Due to the position of trust Defendant occupied at Subsidiary 1 and Subsidiary 2, Defendant was entrusted with the authority to approve and send vendor payments by way of Bank 2's ACH payment system.  To send an ACH transfer, Defendant was provided a username and password for online access to managing the Subsidiaries' Payment Accounts.

15.     Defendant modified vendor profiles in systems controlled by Subsidiary 1 and Subsidiary 2 to divert funds from the Subsidiaries' Payment Accounts to Defendant's own personal bank account.  Specifically, Defendant substituted her personal bank account information for vendors' banking information and then sent unauthorized transfers from the Subsidiaries' Payment Accounts to Defendant's own personal bank account.  To effectuate the unauthorized transfers, Defendant directed an employee who reported to the Defendant to approve the ACH transfers.  That other employee was unaware that the ACH transfers were used to divert funds to Defendant's personal bank account.

16.     In total, Defendant diverted $182,246.81 from the Subsidiary Payment Accounts to her personal bank account.

3

17. An employee of Subsidiary 1 and Subsidiary 2 who held the Controller position before Defendant was issued a corporate credit card for Subsidiary 1 and a corporate credit card for Subsidiary 2. The credit cards were issued to the former employee from Bank 2 ("Former Controller's Credit Cards"). Defendant was not authorized to use the Former Controller's Credit Cards.

18. Defendant was also issued a corporate credit card for Subsidiary 1 and a corporate credit card for Subsidiary 2. The credit cards were issued to Defendant from Bank 2 ("Defendant's Corporate Credit Cards"). Defendant was not authorized to use Defendant's Corporate Credit Cards for personal expenditures.

19. Defendant, without authorization, used the Former Controller's Credit Cards and Defendant's Corporate Credit Cards for personal expenditures.

20. In total, Defendant amassed $31,038.50 in unauthorized transactions using the Former Controller's Credit Cards and Defendant's Corporate Credit Cards.

## COUNT 1
(Access Device Fraud, 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i))

The United States Attorney charges:

21. The allegations contained in paragraphs 1 through 20 of this Information are incorporated by reference as if stated fully herein.

22. Between October 20, 2021 and December 28, 2021, in the Northern District of Ohio, Eastern Division, Defendant MELINDA WILLIAMS, knowingly and with intent to defraud, used unauthorized access devices during a one-year period, to wit: a Bank 1 credit card account number obtained with intent to defraud, and by such conduct, obtained approximately $5,632.84 during that one-year period, said use affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i).

4

<u>COUNT 2</u>
(Access Device Fraud, 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i))

The United States Attorney further charges:

23.     The allegations contained in paragraphs 1 through 20 of this Information are incorporated by reference as if stated fully herein.

24.     Between March 30, 2022, and July 7, 2022, in the Northern District of Ohio, Eastern Division, Defendant MELINDA WILLIAMS, knowingly and with intent to defraud, used unauthorized access devices during a one-year period, to wit: Bank 2 credit card account numbers obtained with intent to defraud, and by such conduct, obtained approximately $31,038.50 during that one year period, said use affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i).

DAVID M. TOEPFER
United States Attorney

By:    ELLIOT MORRISON, CHIEF
White Collar Crimes Unit

5